In re M & M COMMERCIAL SERVICES, INC., Debtor.

In re M. Terry McGUIRE, Movant.

Bankruptcy No. 89–02308–DPM.

Motion No. A.

United States Bankruptcy Court, E.D. Missouri, E.D.

June 19, 1990.

Raleigh Robinson, St. Louis, Mo., for debtor.

Stuart J. Radloff, Clayton, Mo., Trustee.

Richard H. Edwards, Clayton, Mo., for McGuire.

Bastian Plumbing Co., Inc., St. Louis, Mo.

Jill Silverstein, Clayton, Mo., for Miracle Services.

Tammi A. Milligan, St. Louis, Mo., for Moenkhoff.

James S. Cole, Asst. U.S. Trustee, St. Louis, Mo.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), which the Court may hear and determine.

### II. INTRODUCTION

On June 27, 1989, M. Terry McGuire ("McGuire") filed a motion to dismiss the Chapter 7 petition of M & M Commercial Services, Inc. ("M & M") on the ground that Debtor's voluntary Chapter 7 petition was filed without appropriate corporate authority. Raymond D. Moenkhoff ("Moenkhoff") filed the Chapter 7 petition on June 2, 1989, in his capacity as president and director of the corporation. He asserts that at the time he was the sole director

and president of M & M and, as such, possessed full and complete authority to direct the affairs of the corporation.

## III.  FACTUAL BACKGROUND

1.  M & M Commercial Services, Inc. is a corporation incorporated under the laws of the state of Missouri.  The Missouri Secretary of State issued a Certificate of Incorporation for M & M on June 6, 1985.

2.  Pursuant to the Articles of Incorporation and by vote of the incorporators on June 7, 1985, the initial board of directors had three members: Steven Lipkind, Raymond D. Moenkhoff and Karen Moenkhoff. On June 7, 1985, Steven Lipkind held 55% of the outstanding shares of M & M and Raymond D. Moenkhoff the remaining 45%.  By agreement dated October 7, 1988, Steven Lipkind assigned his controlling interest in the corporation to M. Terry McGuire.

3.  On April 5, 1989, a Consent Order was entered by the Circuit Court of St. Louis County, Missouri wherein Moenkhoff acknowledged McGuire's 55% ownership interest in the corporation.[1]  The Order also prohibited both parties from encumbering or dissipating the assets of the corporation, except in the ordinary course of business, without the written consent of the other. In addition, Moenkhoff was ordered to produce the books and records of M & M for examination and copying.  McGuire alleges that to date he has not been given the opportunity to examine the books and records of the corporation.[2]

4.  On May 30, 1989, Raymond D. Moenkhoff called a special meeting of the board of directors to approve the filing of this Chapter 7 petition.  He was the only director in attendance and cast the only vote.  On June 2, 1989, the voluntary Chapter 7 petition was filed by M & M Commercial Service, Inc. through its president Raymond D. Moenkhoff.

## IV.  DISCUSSION AND ANALYSIS

■  Under Missouri law, a corporation must give written notice to the Secretary of State whenever the number of directors is changed.  R.S.Mo. § 351.315.  M & M Commercial Services, Inc. has never filed a written notice with the Missouri Secretary of State which indicates that the corporation changed the number of directors on its board.[3]  Therefore, the Court finds that the board of directors of M & M Commercial Services, Inc. consists of three members.

A majority of the board of directors constitutes a quorum for the transaction of business under Missouri law.  R.S.Mo. § 351.325.  The Court finds that a quorum was not present at the board of directors meeting called by Moenkhoff on May 30, 1989.  Therefore, the vote approving the filing of this Chapter 7 petition was not an act of the board.  *Id.  See, also,* R.S.Mo. § 351.310.  Consequently, Raymond D. Moenkhoff, in his capacity as president of M & M Commercial Services, Inc., acted beyond his scope of authority when he filed the voluntary Chapter 7 petition with this Court.  Accordingly, the Court finds the voluntary Chapter 7 petition filed by Raymond D. Moenkhoff on June 2, 1989 to be legal nullity and, as such, the petition must be dismissed.

---

1.  *State of Missouri ex rel. McGuire v. Moenkhoff,* Case No. 584681, ( [Mo] Circuit Court, St. Louis County, April 5, 1989).

2.  This Court does not directly address McGuire's allegations of contempt under the April 5, 1989, Consent Order.  These issues are within the jurisdiction of the Circuit Court for St. Louis County, Missouri.

3.  Moenkhoff suggests that the 1988 annual registration report filed with the Missouri Secretary of State by M & M Commercial Services, Inc. satisfies the § 351.315 notification requirement.  This Court finds the suggestion specious at best.  Furthermore, the Court notes that this registration report, signed under oath by "R. Daniel Moenkhoff" on June 14, 1988, lists Steven Lipkind as vice-president and secretary of the corporation.  This information is directly at odds with the sworn statement offered by Moenkhoff in this proceeding.  Moenkhoff asserts that "... on April 21, 1986, Lipkind resigned all offices in Debtor and any rights incident thereto."  Objection to Motion To Dismiss, at p. 3. The Court is confident that Moenkhoff will clarify this apparent inconsistency at a hearing to be held at a later date.

## V. ATTORNEY FEES AND COSTS

■ All costs arising out the Motion To Dismiss are to be taxed against Moenkhoff. Within 10 days of the entry of this Opinion, McGuire shall file with the Clerk of the Court, with a copy to Moenkhoff, a complete schedule of attorney fees and costs expended in connection with this Motion To Dismiss. Objections, if any, shall be submitted within five days of receipt of the schedule of costs and fees. If no objections are filed, the Court may award the request without hearing.

## VI. SHOW CAUSE HEARING

The Court will conduct a hearing on July 13, 1990, at 10 a.m., in Courtroom No. 2, 7th Floor, United States Court House, 1114 Market Street, St. Louis, Missouri, in order to permit Moenkhoff and his attorney to show cause why sanctions should not be levied against them in connection with the filing of the Chapter 7 petition. *See,* note 3, at p. 213.

An Order consistent with this Memorandum Opinion shall be entered this date.

### ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is hereby

ORDERED, ADJUDGED and DECREED that

1. This case be, and hereby is, DISMISSED;

IT IS FURTHER ORDERED that

2. The Court hereby retains jurisdiction for the purpose of taxation of costs against Raymond D. Moenkhoff upon appropriate application of Movant; and

IT IS FURTHER ORDERED that

3. The Court hereby retains jurisdiction for the purpose of a hearing to be held on July 13, 1990, at 10 a.m., in Courtroom No. 2, 7th Floor, United States Court House, 1114 Market Street, St. Louis, Missouri, to consider whether sanction should be levied against Raymond D. Moenkhoff and his attorney.