**In re RUNAWAY II, INC., Debtor.**

**Bankruptcy No. 93–20462–C–11.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

Oct. 13, 1993.

Robert Lantz, Office of U.S. Trustee.

Steven H. Akre, St. Louis, MO, pro se.

Kenneth F. Crockett, Topeka, KS, for debtor.

John H. Lake, Jefferson City, MO, for Wayne Royal.

### MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

On June 14, 1993, one Art Akerson who was then the president and resident manager of Runaway II, Inc., a Missouri corporation, filed a petition under Chapter 11 of the Bankruptcy Code on behalf of said corporation. The U.S. Trustee filed a Motion to Dismiss the Chapter 11 case for the reason that said Art Akerson is one of two directors and a 50% shareholder of the debtor. However, the other director and 50% shareholder, one Wayne Royal, was not present at the Board of Directors Meeting conducted by Mr. Akerson at which it was determined to file the petition in bankruptcy.

Apparently on May 15, 1993, Mr. Akerson and his wife, who was secretary of the corporation together with one Kenneth Crockett, counsel for the debtor, convened a special meeting of the Board of Directors. The Secretary of State of the State of Missouri lists Mr. Akerson and Mr. Royal as the only officers or directors of the corporation. The Articles of Incorporation of the debtor filed with the Secretary of State provide that a majority of the Board of Directors shall constitute a quorum for the transaction of business. This provision follows the Missouri Law in Mo. R.S. § 351.325. To have a majority of a two person Board of Directors, it would be necessary to have both of the directors present.

It follows, therefore, that there was no quorum at the Board of Directors meeting. If there was not a quorum, then it follows that the action of the Board of Directors was without proper authority. If the Board of Directors did not authorize the filing of the petition in bankruptcy, then the petition is not a proper filing on behalf of Runaway II, Inc. See *In re M & M Commercial Services, Inc.*, 115 B.R. 212 (Bkrtcy.E.D.Mo.1990). In that case, Chief Bankruptcy Judge David P. McDonald ex-

amined a set of facts that were almost identical to these. In his succinct but comprehensive opinion, he traced the step by step process through Missouri corporate law that sets the number of directors, the need for a quorum, and the consequences of not assembling same. This Court need not reinvent the wheel Judge McDonald so artfully dissected and this opinion adopts the Eastern District rule announced therein and publishes this ruling only for the benefit of counsel to announce the rule in this District.

This Court would only add that historically it has always been true, even before the Bankruptcy Reform Act of 1978, that a valid resolution of the Board of Directors of a corporation was a prerequisite to the filing of a voluntary petition in bankruptcy by a corporation. Accordingly the petition as filed on behalf of this corporation will be dismissed for failure to have the proper authorization of the debtor. It may be noted that there are other ways in which to get this debtor into bankruptcy because apparently there are fewer than 12 creditors. However, certainly a voluntary petition cannot stand at this time on the facts now present. For all these reasons as well as the findings and conclusions stated when the case was heard in Jefferson City, Missouri, the petition is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.